RECEIVED
AMTRAK
APR 3 0 2018
ELEANOR D. ACHESON
EXECUTIVE VICE PRESIDENT

*Atty*
*Cert -*
*Mail*

## Commonwealth of Massachusetts

SUFFOLK, SS.

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. 1884-CV-0438

Hasan Abdul-Hasib , PLAINTIFF(S),

v.

National Railroad Passenger Corporation and
Colin Smith , DEFENDANT(S)

### SUMMONS

THIS SUMMONS IS DIRECTED TO National Railroad Passenger Corporation . (Defendant's name)

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the Suffolk Superior Court. **YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.** If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.** To respond to this lawsuit, you must file a written response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:
   a. Filing your signed original response with the Clerk's Office for Civil Business, Suffolk Superior Court, 3 Pemberton Sq. Boston, MA 02108 (address), by mail or in person, **AND**
   b. Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address: 485 Massachusetts Ave, Suite 300 Cambridge, MA 02139

3. **What to include in your response.** An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12.** If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov.courts/case-legal-res/rules of court.

**A True and Attested Copy**
*Christopher P. Waites*

Christopher P. Waites     Disinterested Party
Massachusetts Constable Service     Badge #377
Constable for the Commonwealth of Massachusetts

4. **Legal Assistance.** You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.
5. **Required information on all filings:** The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____.

*Michael Joseph Donovan*
Michael Joseph Donovan
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify that on _____, 20___, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20___   Signature: _____

N.B.   TO PROCESS SERVER:

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX -- BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

    4-18-18

A True and Attested Copy
*Christopher P. Waites*
Christopher P. Waites    Disinterested Party
Massachusetts Constable Service    Badge #377
Constable for the Commonwealth of Massachusetts

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 1884-CV-0438 | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| **PLAINTIFF(S):** Hasan Abdul-Hasib | | **COUNTY** Suffolk |
| **ADDRESS:** 258 Amherst Street Providence, RI 02909 | **DEFENDANT(S):** National Passenger Railroad Corporation, Colin Smith | |
| **ATTORNEY:** Law Offices of Justin Drechsler, P.C. | | |
| **ADDRESS:** 485 Massachusetts Ave, Suite 300 Cambridge, MA 02139 | **ADDRESS:** 60 Massachusetts Ave, N.E., Washington, D.C. 20002 (NPRC) 2 South Station, 2nd Floor, Boston, MA 02110 (Smith) | |
| **BBO:** 676968 | | |

### TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. E17 | TYPE OF ACTION (specify) Civil Rights Act | TRACK A | HAS A JURY CLAIM BEEN MADE? ☒ YES ☐ NO |
|---|---|---|---|

*If "Other" please describe:

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................................................. $ 1000+
2. Total doctor expenses .............................................................................................................. $ 2200+
3. Total chiropractic expenses ....................................................................................................... $
4. Total physical therapy expenses ............................................................................................... $ 800+
5. Total other expenses (describe below) ..................................................................................... $
   Subtotal (A): $ 4000+

B. Documented lost wages and compensation to date ............................................................... $
C. Documented property damages to dated ................................................................................ $
D. Reasonably anticipated future medical and hospital expenses ............................................... $ 10,000+
E. Reasonably anticipated lost wages ......................................................................................... $
F. Other documented items of damages (describe below) ........................................................... $ 100,000+
Anxiety, sleeplessness, other associated emotional distress

G. Briefly describe plaintiff's injury, including the nature and extent of injury:
Injuries to left hand and right knee requiring substantial physical therapy. Seeking surgery consult on knee injury.
Significant emotional distress as described in the complaint.

TOTAL (A-F): $ 114,000+

**CONTRACT CLAIMS**
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

TOTAL: $

Signature of Attorney/Pro Se Plaintiff: X /s/ JD    Date: Feb 7, 2018

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney of Record: X    Date:

A True and Attested Copy
*Christopher P. Waites*
Christopher P. Waites    Disinterested Party
Massachusetts Constable Service    Badge #377
Constable for the Commonwealth of Massachusetts

COMMONWEALTH OF MASSACHUSETTS

Suffolk, ss.

TRIAL COURT DEPARTMENT
SUFFOLK SUPERIOR COURT
CIVIL DIVISION

| | |
|---|---|
| HASAN ABDUL-HASIB<br>*Plaintiff,*<br><br>v.<br><br>NATIONAL RAILROAD<br>PASSENGER CORPORATION,<br>and COLIN SMITH, in his<br>individual capacity,<br>*Defendants.* | Civil Action No. 1884-CV-0438<br><br>AMENDED COMPLAINT AND<br>JURY DEMAND |

Comes now the Plaintiff, by and through counsel, and states as and for his Complaint and Jury Demand as follows:

## PARTIES

1. Plaintiff Hasan Abdul-Hasib is a natural individual who was, at all times relevant to this complaint, an employee of the National Railroad Passenger Corporation. He currently resides in Providence, Rhode Island.

2. Defendant National Railroad Passenger Corporation a/k/a Amtrak ("Amtrak") is a corporation doing business in Massachusetts with a principal place of business located at 60 Massachusetts Ave, NE, Washington, D.C. 20002.

3. Defendant Colin Smith is a natural individual whose current domicile is unknown to the Plaintiff. His place of work is believed to be Amtrak, 2 South Station, 2nd Floor, Boston, MA 02110. At all times material to the complaint, he was a police officer with arrest powers and was employed by Amtrak. He is sued in his individual capacity.

## FACTS

4. On May 12, 2016 around 5:45 AM, Hasan Abdul-Hasib was working his shift at South Station in Boston, MA as a gateman for Amtrak.

5. Around this time, the conductor from the train on the next track asked Abdul-Hasib to investigate some passengers who the conductor believed might have excessive baggage.

A True and Attested Copy
*Christopher P. Waites*
Christopher P. Waites        Disinterested Party
Massachusetts Constable Service    Badge #377
Constable for the Commonwealth of Massachusetts

6. He momentarily left his position at his gate, walked to those passengers, and spoke to them about their baggage and Amtrak's baggage policy.

7. When Abdul-Hasib returned to his position, he noticed a woman with a stroller walking down the platform.

8. The woman was being closely followed by Amtrak Police Officer Colin Smith.

9. Abdul-Hasib had not yet received the signal to board from the conductor, and the woman appeared to him to be accidentally boarding early.

10. Abdul-Hasib had been trained not to allow passengers to board before the conductor's signal due to the potential safety hazards of early boarding.

11. Abdul-Hasib walked down the platform to investigate and correct the situation.

12. As Abdul-Hasib approached, Officer Smith turned around.

13. Abdul-Hasib asked Smith if the woman was boarding. Smith replied that she was boarding and that she was with him and he was putting her on the train.

14. Abdul-Hasib explained that the train was not ready to board and that Smith did not have the authority to put anyone on the train at that time.

15. Smith replied "I'm a fucking cop. I'll do what I want to do."

16. At that point, Smith pushed Abdul-Hasib, causing Abdul-Hasib to stumble backwards.

17. Once Abdul-Hasib regained his balance, he attempted to access his radio to signal the conductor, and Smith approached Hasan and pushed him again.

18. Smith then grabbed Abdul-Hasib and told him that Abdul-Hasib didn't want to do this in front of people and they should take it on the train.

19. After Smith grabbed Abdul-Hasib, the two were engaged in a short scuffle, during which Smith threatened to use his pepper spray on Abdul-Hasib.

20. Smith threw Abdul-Hasib to the ground and placed his knee on Abdul-Hasib's back, trapping Abdul-Hasib's hands under his body.

21. Smith then handcuffed Abdul-Hasib and placed him under arrest.

22. This arrest was made without probable cause that Abdul-Hasib had committed any crime.

2

A True and Attested Copy
*Christopher P. Waites*

Christopher P. Waites       Disinterested Party
Massachusetts Constable Service    Badge #377
Constable for the Commonwealth of Massachusetts

23. After his arrest, Abdul-Hasib was flanked by Smith and another officer and was not permitted to leave the area.

24. Abdul-Hasib complained to Smith of severe pain in his left hand and right knee, both of which were the result of Smith's unjustified and excessive use of force.

25. Eventually, Abdul-Hasib was transported to the Massachusetts General Hospital by EMS, where he was treated for his injuries.

26. Subsequent to Abdul-Hasib's arrest, Smith applied for a criminal complaint against Abdul-Hasib in the Central Division of the Boston Municipal Court, requesting charges of Disorderly Conduct, Assault and Battery on a Police Officer, and Resisting Arrest.

27. Smith wrote the narrative for an incident report that served as the basis for that application for criminal complaint.

28. That narrative contained several false statements of fact and omissions of material facts related to the incident with Abdul-Hasib.

29. A criminal complaint, Docket Number 1601-CR-3128, issued against Abdul-Hasib for the above-noted charges on May 12, 2016 in the Central Division of the Boston Municipal Court.

30. Abdul-Hasib appeared in court to answer on that complaint several times between May 12, 2016 and February 24, 2017.

31. On February 24, 2017, the charges against Abdul-Hasib were dismissed.

32. As a result of this incident, Amtrak removed Abdul-Hasib from work pending a hearing related to his employment.

33. On June 9th, 2016, a hearing was held before Amtrak hearing officer Frances Krische.

34. Smith testified at that hearing and admitted initiating physical contact with Abdul-Hasib.

35. Smith also gave false testimony consistent with his incident report narrative.

36. As a direct result of testimony taken at this hearing, Abdul-Hasib was terminated from employment at Amtrak.

37. As a result of this incident, Abdul-Hasib was forced to seek medical attention and incur medical expenses for his injuries.

3

A True and Attested Copy

*Christopher P. Waites*

Christopher P. Waites    Disinterested Party
Massachusetts Constable Service    Badge #377
Constable for the Commonwealth of Massachusetts

38. He still experiences pain from this incident and is continuing to seek medical treatment.

39. Abdul-Hasib also suffered substantial emotional distress as a result of Smith's actions. Beyond the embarrassment and shame associated with his public arrest on May 12, 2016, he suffered ongoing sleeplessness, anxiety, and depression associated with defending himself against these baseless charges that exposed him to a potential criminal sanction of five years imprisonment in the house of correction.

40. To this day, Abdul-Hasib experiences emotional distress resulting from Smith's conduct.

### Count I: Claim under Massachusetts law for Assault and Battery
### (All Defendants)

41. Plaintiff repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

42. Defendant Smith committed the tort of assault and battery against Plaintiff when he touched Plaintiff without Plaintiff's consent and without legal justification.

43. As a direct and proximate result of Defendant Smith's conduct, Plaintiff suffered damages as described above.

44. Defendant Amtrak is vicariously liable for the assault and battery committed by its employee, Defendant Smith.

### Count II: Claim under Massachusetts law for False Imprisonment
### (All Defendants)

45. Plaintiff repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

46. Defendant Smith committed the tort of false imprisonment against Plaintiff when he unlawfully arrested, handcuffed, and detained Plaintiff without Plaintiff's consent.

47. As a direct and proximate result of Defendant Smith's conduct, Plaintiff suffered damages as described above.

48. Defendant Amtrak is vicariously liable for the false imprisonment of Plaintiff committed by its employee, Defendant Smith.

4

A True and Attested Copy
*Christopher P. Waites*
Christopher P. Waites       Disinterested Party
Massachusetts Constable Service       Badge #377
Constable for the Commonwealth of Massachusetts

### Count III: Claim under Massachusetts law for Malicious Prosecution
### (All Defendants)

49. Plaintiff repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

50. Defendant Smith improperly instituted criminal proceedings against Plaintiff by applying for false charges against Plaintiff in the Central Division of the Boston Municipal Court.

51. Defendant Smith instituted these proceedings with malice, motivated, at least in part, by a desire to cover up his own bad acts on the date of May 12, 2016.

52. The criminal prosecution of Plaintiff was resolved favorably when all charges were dismissed on February 24, 2017.

53. As a direct and proximate result of Defendant Smith's conduct, Plaintiff suffered damages as described above.

54. Defendant Amtrak is vicariously liable for the malicious prosecution of Plaintiff committed by its employee, Defendant Smith.

### Count IV: Violation of Massachusetts Civil Rights Act, M.G.L. c. 12, § 11I
### (All Defendants)

55. Plaintiff repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

56. By assaulting and battering, arresting, imprisoning, and prosecuting Plaintiff without probable cause and without his consent, Defendant Smith interfered with Plaintiff's exercise and enjoyment of his rights under the Constitution and laws of the United States and the Constitution and laws of the Commonwealth.

57. Smith's interference involved threats, intimidation, and coercion, as described above.

58. As a direct and proximate result of Defendant Smith's conduct, Plaintiff suffered damages as described above.

59. Defendant Amtrak is vicariously liable for the violation of M.G.L. c. 12, § 11I committed by their employee, Defendant Smith.

A True and Attested Copy

*Christopher P. Waites*

Christopher P. Waites     Disinterested Party
Massachusetts Constable Service     Badge #377
Constable for the Commonwealth of Massachusetts

### Count V: 42 U.S.C. §1983 (Unreasonable Seizure)
### (Defendant Smith)

60. Plaintiff repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

61. Defendant Smith arrested Plaintiff without probable cause to believe that he had committed a crime and in violation of clearly established law.

62. Defendant Smith deprived Plaintiff of his clearly established and well-settled rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable seizures of his person.

63. As a direct and proximate result of Defendant Smith's conduct, Plaintiff suffered damages as described above.

### Count VI: 42 U.S.C. §1983 (Malicious Prosecution)
### (Defendant Smith)

64. Plaintiff repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

65. Defendant Smith improperly instituted criminal proceedings against Plaintiff by applying for false charges against Plaintiff in the Central Division of the Boston Municipal Court.

66. Defendant Smith instituted these proceedings with malice, motivated, at least, in part by a desire to cover up his own bad acts on the date of May 12, 2016.

67. The criminal prosecution of Plaintiff was resolved favorably when all charges were dismissed on February 24, 2017.

68. Defendant Smith deprived Plaintiff of his clearly established and well-settled rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from malicious prosecution.

69. As a direct and proximate result of Defendant Smith's conduct, Plaintiff suffered damages as described above.

### Count VII: 42 U.S.C. §1983 (Excessive Force)
### (Defendant Smith)

1. Plaintiff repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

2. Defendant Smith had no reason to use force against Plaintiff.

A True and Attested Copy

*Christopher P. Waites*

Christopher P. Waites        Disinterested Party
Massachusetts Constable Service        Badge #377
Constable for the Commonwealth of Massachusetts

3. Defendant Smith used unreasonable and excessive force against Plaintiff.

4. Defendant Smith deprived Plaintiff of his clearly established and well-settled rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable force.

5. As a direct and proximate result of Defendant Smith's conduct, Plaintiff suffered damages as described above.

### Count VIII: Negligence
### (Defendant Amtrak)

70. Plaintiff repeats and reasserts the allegations contained in the above paragraphs and incorporates them by reference as if fully and completely set forth herein.

71. Defendant Amtrak owed a duty of care to the public, and thus to Plaintiff, to exercise reasonable care in the selection and retention of its employees. See Foster v. The Loft, Inc., 26 Mass. App. Ct. 289, 290-91 (1988).

72. Defendant Amtrak breached that duty of care when they negligently hired and retained Defendant Smith, whose conduct in this matter, and potentially his conduct in other matters, demonstrates that he was clearly unfit for his position.

73. As a direct and proximate result of the negligence of Defendant Amtrak, Plaintiff suffered the injuries described above.

**WHEREFORE**, Plaintiff requests that this Court:

(a) Grant Plaintiff judgment on all claims;

(b) Award compensatory damages;

(c) Award punitive damages;

(d) Award the costs of this action, including reasonable attorney's fees, and;

(e) Award such other further relief as this Court deems appropriate and necessary.

A True and Attested Copy

*Christopher P. Waites*

Christopher P. Waites     Disinterested Party
Massachusetts Constable Service     Badge #377
Constable for the Commonwealth of Massachusetts

7

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable.

Respectfully submitted,
For Plaintiff Hasan Abdul-Hasib,
By his counsel,

*/s/ JD*

Justin Drechsler BBO #676968
Law Offices of Justin Drechsler, P.C.
485 Massachusetts Ave, Suite 300
Cambridge, MA 02139
(617) 210-7955
jdlawboston@gmail.com

Dated: 4/4/18

A True and Attested Copy
*Christopher P. Waites*

Christopher P. Waites        Disinterested Party
Massachusetts Constable Service    Badge #377
Constable for the Commonwealth of Massachusetts

8