UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 18-10933-RGS

HASAN ABDUL-HASIB

v.

NATIONAL RAILROAD PASSENGER
CORPORATION and COLIN SMITH

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

May 28, 2019

STEARNS, D.J.

This case is before the court on the motion of defendants National Railroad Passenger Corporation (Amtrak) and Amtrak police officer Colin Smith for summary judgment. Viewed in the light most favorable to Hasan Abdul-Hasib, the nonmoving party, the facts are as follows. The dispute has its origins on May 12, 2016, in an invitation given by Officer Smith to a woman passenger and her two children to pre-board an Amtrak train before the conductor had given the all-clear signal. Abdul-Hasib, an Amtrak gateman, deemed the gesture unsafe and sought to intercede. A heated exchange ensued with Abdul-Hasib insisting that he would not give Smith permission to board anyone at that time. Smith ordered Abdul-Hasib to return to his post. Abdul-Hasib responded by threatening to have Smith

fired. A shoving match followed, although Smith and Abdul-Hasib disagree about who first touched the other. Abdul-Hasib admits that during the shoving match he "contacted Smith in self-defense." Pl.'s Statement of Disputed Facts (SODF), Dkt # 24, ¶ 6. When Smith again ordered Abdul-Hasib onto the train, matters escalated. Smith then decided to arrest Abdul-Hasib for disorderly conduct. He took Abdul-Hasib to the ground and got on top of him, informing him that he was under arrest. Abdul-Hasib complained loudly of pain to his hand and knee resisted being placed in handcuffs. Abdul-Hasib submitted to the arrest only after a female Amtrak officer came on the scene to assist. In response to Abdul-Hasib's complaints, Smith called emergency personnel who took Abdul-Hasib to Massachusetts General Hospital for evaluation. The treating physician observed no serious injuries but noted Abdul-Hasib's subjective complaints of pain. After a disciplinary hearing, Amtrak later terminated Abdul-Hasib.

Abdul-Hasib was criminally charged by Officer Smith with disorderly conduct, resisting arrest, and assault and battery on a police officer. At a hearing on February 24, 2017, a Boston Municipal Court (BMC) judge placed Abdul-Hasib on six months pretrial probation, *nunc pro tunc* to May 12, 2016 (the date of the altercation and arraignment). Given the passage of time, the charges were dismissed that same day. The BMC docket states "[a]s

to all counts: Deft placed on Pre-Trial Probation under the Provisions of ch. 276 s. 87 . . . 6 months . . . nunc pro tunc 5/12/16." Ex. 13 (Dkt # 17-13) at 1.

Abdul-Hasib subsequently brought this lawsuit against Amtrak and Officer Smith in the Suffolk Superior Court. Defendants removed the case to the federal district court pursuant to 28 U.S.C. § 1349 (Amtrak is incorporated under an Act of Congress "and more than one half of its capital stock is owned by the United States") and 28 U.S.C. § 1443 (federal question grounds).

The Amended Complaint sets out seven counts against Officer Smith: "unreasonable seizure" (Count V), malicious prosecution (Count VI), and excessive force (Count VII) under the Federal Civil Rights Act (§ 1983); assault and battery (Count I), false imprisonment (Count II), and malicious prosecution (Count III) under Massachusetts common law; and violations of the Massachusetts Civil Rights Act (MCRA) (Count IV). The Amended Complaint further alleges that Amtrak is "vicariously liable" for the tortious conduct alleged against Officer Smith in Counts I-IV and was independently negligent in hiring and retaining Smith (Count VIII). Defendants seek summary judgment on three grounds: (1) probable cause to arrest; (2) qualified immunity; and (3) insufficient evidence to support the negligent

hiring claim against Amtrak. Defendants also object to most of the common-law counts, arguing failures of law or evidence.

"When the constitutional validity of an arrest is challenged, it is the function of a court to determine whether the facts available to the officers at the moment of the arrest would 'warrant a man of reasonable caution in the belief' that an offense has been committed." *Beck v. Ohio*, 379 U.S. 89, 96 (1964), quoting *Carroll v. United States*, 267 U.S. 132, 162 (1925). "The only relevant facts are those known [or imputed] to the officer. When these facts are in reasonable dispute, the fact-finder must resolve the dispute. . . . However, when the underlying facts claimed to support probable cause are not in dispute, whether those 'raw facts' constitute probable cause is an issue of law . . . ." *Holder v. Town of Sandown*, 585 F.3d 500, 504 (1st Cir. 2009) (citation omitted).

Here, on the "raw facts" admitted by Abdul-Hasib (that he physically "contacted" Officer Smith before any formal arrest could be effected), there is no doubt that Smith had probable cause to arrest him for assault and battery on a police officer. Abdul-Hasib's argument that his use of force against Officer Smith was a justifiable exercise of self-defense has no legal significance. Massachusetts has abandoned the common-law rule that permitted forcible resistance to an arrest that a defendant sincerely believed

4

to be unlawful. *See Commonwealth v. Moreira*, 388 Mass. 596, 601 (1983) ("[I]n the absence of excessive or unnecessary force by an arresting officer, a person may not use force to resist an arrest by one he knows or has good reason to believe is an authorized police officer, engaged in the performance of his duties, regardless of whether the arrest was unlawful in the circumstances."). In a similar vein, the Supreme Court has emphatically rejected the so-called "provocation rule" under which an officer's reasonable use of force may nonetheless be deemed unreasonable where the confrontation is brought on by the officer's preceding unconstitutional conduct. *See County of Los Angeles v. Mendez*, 137 S. Ct. 1539, 1546-1548 (2017), abrogating *Billington v. Smith*, 292 F.3d 1777 (9th Cir. 2002).

While the finding of probable cause to arrest disposes of the false arrest and unlawful seizure claims, that does not conclude the issue. Under both the federal and state Civil Rights Acts and at common law, probable cause does not license the use of excessive, or more accurately in this case, disproportionate force in effecting an arrest. An officer, of course, as Smith argues, is entitled to use whatever reasonable amount of force is necessary to compel a defendant to submit to an arrest. The critical dispute here, however, is whether, after taking control of the situation (by forcing Abdul-Hasib to the ground), Smith used more force than necessary to subdue

Abdul-Hasib;  and whether his actions in continuing to pin Abdul-Hasib to the ground after he began complaining of pain to his hand and to his knee, were reasonable.

"[A]*ll* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest" are decided under a Fourth Amendment standard of reasonableness, the proper application of which "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 395-396 (1989) (emphasis in original).  Ultimately, the issue is one of proportionality.  *See Dean v. City of Worcester*, 924 F.2d 364, 369 (1st Cir. 1991) (noting that greater force may be justified by extenuating circumstances facing officers such as "the reasonably perceived need to subdue an armed felon on a busy city street"); *Connor*, 490 U.S. at 396-397 ("The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation.").

Here, however, the *Connor* factors have no special bite. Officer Smith was aware that Abdul-Hasib was a fellow Amtrak employee and did not pose a risk of flight, nor were the crimes for which he was arrested (misdemeanors under state law) particularly severe. While it appears true that Abdul-Hasib was actively resisting arrest, a reasonable finder of fact might conclude that his resistance was a reaction to being placed in a physically painful position, rather than an attempt to escape from the arrest.

There is a caveat. As the Supreme Court has reminded us, because of the fact-intensive nature of the inquiry, when it comes to excessive force claims, the qualified immunity doctrine does have special bite. *See Kisela v. Hughes*, 138 S. Ct. 1148, 1152-1153, 1154 (2018) (*per curiam*) (cautioning courts of appeals against undue generality in their approach and noting that, under Supreme Court precedent, officers are entitled to qualified immunity unless a prior case "squarely governs" – "a reasonable officer is not required to foresee judicial decisions that do not yet exist in instances where the requirements of the Fourth Amendment are far from obvious"). Seizing on this caution, defendants, citing *Kisela*, argue that Officer Smith is entitled to qualified immunity. However, *Kisela* and *Mullenix v. Luna*, 136 S. Ct. 305, 311 (2015) (*per curiam*) (cited in *Kisela*), are cases involving the use of deadly force and have little relevance to this garden variety excessive force claim.

It is true that to defeat a claim of qualified immunity, the precedent invoked "must be clear enough that every reasonable official would interpret it to establish the particular rule the plaintiff seeks to apply." *District of Columbia v. Wesby*, 138 S. Ct. 577, 590 (2018). The case that comes the closest to providing support for Officer Smith is *City of Escondido v. Emmons*, 139 S. Ct. 500, 503 (2019) (*per curiam*) (finding no clearly established rule prohibiting the "takedown" of a person engaged in the misdemeanor offense of resisting a police officer). However, the issue here is not the takedown of Abdul-Hasib, but what happened next. In the context of this case, it has long been clear that there is no justification for the use of disproportionate force by police in the course of making a routine arrest. That a genuine dispute of fact exists over the amount of force used by Officer Smith to restrain Abdul-Hasib once he was pinned to the ground is enough to preserve the excessive force claims under § 1983 and the MCRA.

As previously noted, the existence of probable cause (later ratified by the BMC) disposes of most of the remaining civil rights and common-law claims against Smith, namely unreasonable seizure, false arrest, and false imprisonment. *See Street v. Surdyka*, 492 F.2d 368, 372-373 (4th Cir. 1974) ("[T]here is no cause of action for false arrest under § 1983 unless the arresting officer lacked probable cause."); *Devenpeck v. Alford*, 543 U.S. 146,

153 (2004) (holding that so long as probable cause exists justifying an arrest for some offense, it is of no consequence that the basis stated by the arresting officer is legally invalid). The malicious prosecution claim fails for the same reason. *See Hernandez-Cuevas v. Taylor*, 723 F.3d 91, 99-101 (1st Cir. 2013) (while under the First Circuit's "purely constitutional" approach a plaintiff may bring a malicious prosecution claim the Fourth Amendment, he must first show that he was unreasonably seized); *see also Broussard v. Great Atl. & Pac. Tea Co.*, 324 Mass. 323, 326 (1949) (under Massachusetts law, a conviction, even one later reversed on appeal, conclusively establishes probable cause).[1] The remaining common-law claim, assault and battery, is subsumed in the civil rights damages claims and may best be waived by plaintiff to avoid jury confusion (and the potential of forfeiting an award of attorney's fees).

Of the claims against Amtrak, the generic "vicarious liability" theory appears to be more like an insurance policy for any payment of damages should they be awarded against Officer Smith (something that Amtrak is likely obligated to do in any event) than an actual cause of action. To the

---

[1] Contrary to Abdul-Hasib's belief, he was convicted in the BMC. While Mass. Gen. Laws ch. 276, § 87 permits an order of pretrial probation in contemplation of dismissal (with the Commonwealth's assent), it is not a dispositional statute. *Commonwealth v. Tim T., a juvenile*, 437 Mass. 592, 597 (2002).

extent the theory depends on claims against Officer Smith that the court has dismissed, the theory has no applicability.  Finally, I agree with Amtrak that there is no evidence of improper hiring or training of Officer Smith, as plaintiff concedes in his SODF.

ORDER

For the foregoing reasons, the motion for summary judgment is <u>ALLOWED</u> as to Counts II, III, V, VI, and VIII of the Amended Complaint. The remaining claims Counts IV and VII for excessive force (and Count I should plaintiff elect to proceed on the assault and battery claim) will be set for trial.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE